UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOANNE SANCHEZ | § | |
| | § | |
| v. | § | C.A. NO. C-04-533 |
| | § | |
| TEXAS DEPARTMENT OF AGING & | § | |
| DISABILITY SERVICES, f/k/a TEXAS | § | |
| DEPARTMENT OF MENTAL HEALTH | § | |
| & MENTAL RETARDATION & THE | § | |
| CORPUS CHRISTI STATE SCHOOL | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' JOINT MOTION TO DISMISS**

On March 31, 2005, the United States Magistrate Judge filed her Memorandum and Recommendation in this cause (D.E. 14). Objections were timely filed (D.E. 15). Having reviewed *de novo* the Magistrate Judge's memorandum and recommendation and the pleadings on file, this Court hereby adopts as its own the findings and conclusions of the Magistrate Judge.

Defendants seek dismissal of plaintiff's ADA claims, asserting Eleventh Amendment Immunity. In their objection, they point to a Fourth Circuit opinion which found that "by removing the case to federal court and then invoking sovereign immunity, North Carolina did not seek to regain immunity that it had abandoned previously. Instead, North Carolina merely sought to have the sovereign immunity issue resolved by a federal court rather than a state court." *Stewart v. State of North Carolina*, 393 F.3d 484, 490 (4th Cir. 2005). When both the memorandum and recommendation and the defendants' objection were filed, no Fifth Circuit or Supreme Court decisions existed on

this issue. However, the Fifth Circuit issued an opinion on May 19, 2005 that is directly on point.

The plaintiffs in *Meyers v. State of Texas* filed a class action suit in a state district court in Travis County against the State of Texas alleging violations of the ADA. --- F.3d ---, 2005 WL 1178010, at *1 (5th Cir. May 19, 2005). Texas removed to federal district court from a Texas court of appeals and then moved to dismiss under Rule 12(b)(1), claiming Eleventh Amendment immunity. *Id*. at *2. The court granted Texas's motion, finding no clear guidance as to whether removal constitutes a waiver of immunity. *Id*. The dismissal was reversed on appeal. *Id*. at *17. After a thorough analysis of the Supreme Court decision in *Lapides v. Board of Regents of Univ. System*, 105 S.Ct. 3142, and other case law, the Fifth Circuit determined that removal to federal court is a voluntary invokation of the court's jurisdiction that results in a waiver of immunity. *Id*. at *16. Therefore, the Magistrate Judge's conclusions are correct. By removing to this Court, the defendants in the present case voluntarily invoked the jurisdiction of this Court. Consequently, defendants waived their Eleventh Amendment immunity.

Accordingly, defendants' Joint Motion to Dismiss (D.E. 12) is DENIED IN PART and GRANTED IN PART. Plaintiff shall proceed on her ADA claims, but her § 1983 cause of action is DISMISSED for failure to state a claim.

ORDERED this _____31st_____ day of _____May_____, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE