**UNITED STATES DISTRICT COURT**
**IN THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| Joanne Sanchez, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. C-04-533 |
| | § | |
| Texas Department of Aging & Disability | § | |
| Services, f/k/a, Texas Department of | § | |
| Mental Health & Mental Retardation, and | § | |
| the Corpus Christi State School, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION**
**FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT OUT OF**
**TIME**

Before the Court is defendants' motion for leave to file a motion for summary

judgment out of time (D.E. 36).  The deadline for filing substantive motions in this case

passed on January 23, 2006, two and half months prior to the date that defendants filed

the motion at bar.

Plaintiff has brought claims against the defendants under Title I of the Americans

with Disabilities Act.  Defendants argue in their appended motion for summary judgment

that the Supreme Court case of *Board of Trustees of the University of Alabama v. Garrett*

stands for the proposition that the states have no liability for money damages to private

litigants under Title I of the ADA (D.E. 36-2).  121 S.Ct. 955 (2001).  This

characterization of the decision is incomplete.  In *Garrett*, the Supreme Court held that

suits against states by private litigants for money damages under Title I of the ADA are

barred by the Eleventh Amendment. *Id*. at 960.  The U.S. Court of Appeals for the Fifth

Circuit has ruled, however, that a state waives its Eleventh Amendment immunity from

suit in federal court when it removes a case from state court to federal court.[1]  *Meyers v.*

*State of Texas*, 410 F.3d 236 (5th Cir. 2005).  Defendants argue that *Meyers* "does not

have the 11th Amendment issues analyzed correctly."  (D.E. 30).  Defendants also argue,

contrarily, that their motion for summary judgment is "based on Item II *'Analysis'(B)*

*'The Constitution Does Not Create State Sovereign Immunity or Prescribe its Scope; The*

*Law of Each State Determines the Nature of its Immunities; Thus, it is Possible that a*

*State May Retain A Separate Immunity from Liability after Waiver of its Immunity from*

*Suit' et. seq.*," which is a section of the *Myers* opinion (D.E. 36-2).

Defendant's first argument–that *Meyers* should not be applied by this Court

because it analyzes the issues incorrectly–does not need to be discussed.  *Meyers* is an

opinion issued by the Fifth Circuit and is controlling precedent.  Defendants' second

argument is inadequate.  The section of the *Meyers* opinion referenced by the defendants

contemplates an in-depth analysis of a state's laws.  *Meyers*, 410 F.3d at 253 ("courts

must look to the law of the particular state in determining whether it has established a

separate immunity against liability").  Defendants provide no discussion whatsoever of

the laws of the State of Texas to accompany their very brief argument on this point.

Defendants state that their motion for summary judgment could also be

_____

[1]Defendants removed this action from state court to this Court on October 25, 2004 (D.E. 1).

characterized as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Defendants are correct in this statement, as they fail to cite to any discovered evidence in their appended motion for summary judgment. Defendants have already filed a motion to dismiss in this case that contained an argument that was substantially similar to the one they make in their motion for summary judgment (D.E. 12). The Court denied defendants' original motion to dismiss, in relevant part, in an order that took into consideration the decision in *Meyers* (D.E. 17).

Accordingly, because defendants' motion for summary judgment is late, inadequate, and largely repetitive, defendants' motion for leave to file a motion for summary judgment out of time is hereby is DENIED.

Ordered this \_\_\_\_\_31\_\_\_\_\_ day of \_\_\_\_\_May\_\_\_\_\_, 2006.

HAYDEN HEAD
CHIEF JUDGE